**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **G.P., J.P., and W.P.**

**No. 17-0440** (Randolph County 16-JA-64, 16-JA-65, and 16-JA-66)


**MEMORANDUM DECISION**


Petitioner Father L.M., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's April 10, 2017, order terminating his parental rights to G.P., J.P., and W.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jeremy B. Cooper, filed a response on behalf of the children and in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period because the DHHR failed to formulate a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against petitioner and G.P., J.P., and W.P.'s mother, L.B., alleging that they engaged in domestic violence in the children's presence, that the mother abused substances, and that petitioner failed to protect the children from the mother's substance abuse. In September of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegation that he and the mother engaged in domestic violence in the children's presence. Ultimately, the circuit court adjudicated petitioner as an abusing parent and granted him a post-adjudicatory improvement period.

In November of 2016, the circuit court held a review hearing regarding petitioner's improvement period. Even though the DHHR reported that petitioner was not fully participating in his improvement period and had not been communicating adequately with the DHHR, the circuit court ordered that his improvement period continue.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In January of 2017, the circuit court held another review hearing regarding petitioner's improvement period. Petitioner did not appear but was represented by counsel. The DHHR reported to the circuit court that petitioner failed to attend scheduled visits with the children, failed to submit to random drug screening, and made no progress during the course of the improvement period. Following the review hearing, petitioner was arrested and charged with the domestic battery of the mother, battery of the mother's boyfriend, and destruction of property. According to the police report, petitioner rammed his vehicle into the vehicle in which the mother and her boyfriend were riding. In February of 2017, the DHHR filed a motion to terminate petitioner's parental rights due to his non-compliance with his post-adjudicatory improvement period.

On March 3, 2017, the DHHR filed an untimely family case plan and on March 6, 2017, petitioner filed a motion for a predispositional improvement period in which he argued that he should be granted the same because the DHHR failed to file a timely family case plan. Also in March of 2017, the circuit court held a dispositional hearing to address petitioner's motion for an improvement period and the DHHR's motion to terminate his parental rights. The circuit court heard the testimony of the police officer who had knowledge of the January of 2017 incident wherein petitioner was arrested for domestic battery of the mother, battery of the mother's boyfriend, and destruction of property. The officer testified that petitioner was the aggressor based on the victims' injuries and the damage to the vehicles. However, petitioner testified that he was not the aggressor in the January of 2017 incident and minimized his acts of domestic violence. He also testified that he had enrolled in a coal miner's certification class and attended three counseling sessions in September of 2016 and that those actions constituted a substantial change in circumstances that warranted a ruling granting his motion for a predispositional improvement period. At the conclusion of the hearing, the circuit court denied petitioner's motion for a predispositional improvement period, found that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect, and terminated his parental rights to the children by order entered on April 10, 2017.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[2]Petitioner's parental rights to G.P., J.P., and W.P. were terminated below. The children's mother, L.B., is currently participating in an improvement period. The children remain in a foster home. According to the guardian, the permanency plan is reunification with the mother, while the concurrent plan is adoption.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period because the DHHR failed to formulate a family case plan. With regard to family case plans, this Court has stated that

"[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) [now W.Va. Code § 49-4-408(a)] . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Inherent in this holding is the idea that when the rules and statutes governing abuse and neglect cases have not been substantially disregarded or frustrated, vacation of the resulting order is unnecessary.

While petitioner is correct that West Virginia Code § 49-4-408(a) requires that a family case plan be filed within sixty days of the children going into foster care or thirty days of an improvement period's inception and that no such plan was filed, the Court does not find reversible error on that issue under the specific circumstances of this case. The record on appeal is clear that petitioner was aware of the underlying conditions that needed to be corrected, namely his substance abuse and engagement in domestic violence. Importantly, the record shows that petitioner was offered services by the DHHR well before it filed the untimely family case plan. Specifically, the circuit court held two review hearings, one in November of 2016 and one in January of 2017, wherein the DHHR reported that petitioner failed to attend visits with the children and to submit for random drug screening. The DHHR also addressed his non-existent level of participation. Following the second review hearing, petitioner was arrested and charged with the domestic battery of the children's mother, battery of the mother's boyfriend, and destruction of property. Further, once the case plan was filed, it adequately addressed the predominant obstacles facing petitioner. On appeal, petitioner does not allege that he was

confused about what efforts he needed to undertake to achieve reunification with the children, and the record is clear that he was fully aware that he needed to correct his substance abuse and domestic violence issues in order to achieve that goal. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings or the related statutes have been substantially disregarded or frustrated to the point that vacation of the circuit court's order is required. *See In re: C.A. and R.A.-1*, No. 16-0470, 2016 WL 4987285, at *3 (W.Va. September 19, 2016)(memorandum decision)(holding that the Rules of Procedure for Child Abuse and Neglect Proceedings and the related statutes were not substantially disregarded or frustrated by the untimely filing of a case plan). Therefore, we find no reversible error in this regard.

As to petitioner's assertion that the circuit court erred in denying his motion for a dispositional improvement period, we find no error. Pursuant to West Virginia Code § 49-4-610(3)(D), the circuit court may grant another improvement period if the parent demonstrates "that since the initial improvement period, the respondent has experienced a substantial change in circumstances." *Id.* Further, the parent shall demonstrate that due to that change in circumstances, "the [parent] is likely to fully participate in the improvement period." On appeal to this Court, petitioner argues that he was entitled to a dispositional improvement period because he enrolled in a coal miner's certification class and attended three counseling sessions in September of 2016. The Court, however, finds that the record does not support an award of a dispositional improvement period.

In denying petitioner's request for a dispositional improvement period, the circuit court specifically found that petitioner had not made sufficient progress during his post-adjudicatory improvement period, as evidenced by the circuit court's finding in the order on appeal that he "essentially did nothing." The circuit court further based this finding on petitioner's failure to sign up for a batterer's intervention class or visit his children. As such, it is clear that the circuit court did not err in finding that petitioner did not experience a substantial change in circumstances and did not demonstrate that, due to that change in circumstances, he was likely to fully participate in a dispositional improvement period. Accordingly, we find no error.

Lastly, because the proceedings in circuit court regarding the children's mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent

placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker